UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GLORIA G QUINTERO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-231 |
| | § | |
| UNITED STATES OF AMERICA, *et al*, | § | |
| | § | |
| Defendants. | § | |

# OPINION

The Court now considers the motion to remand,[1] filed by Gloria G. and Juan F. Quintero ("Plaintiffs") and the self-styled "Motion to Dismiss or, in the Alternative, for Summary Judgment,"[2] filed by the United States of America ("the United States"), on behalf of its agency the United States Department of Agriculture ("the USDA"), acting by and through the Rural Housing Service ("the RHS"), an agency within the USDA, and Jose Ascencio ("Ascencio") (collectively "Defendants"). Defendants filed a response to the motion to remand,[3] while the motion to dismiss is unopposed as Plaintiffs failed to respond.[4] After duly considering the record and relevant authorities, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

## I.     Background

Plaintiffs allege that they executed a promissory note to purchase real property located at 601 East Azalia, Hidalgo, Texas 78557 ("the property").[5] Plaintiffs explain that they made required payments for more than fifteen years, but "due to unexpected circumstances, Plaintiffs

---

[1] Dkt. No. 6.
[2] Dkt. No. 7.
[3] Dkt. No. 8.
[4] LR 7.3–7.4 of the Local Rules of the United States District Court for the Southern District of Texas.
[5] Dkt. No. 1-1, at p. 2.

stayed behind on a few payments."[6] Plaintiffs assert that they "were not allowed their legal right to cure" and "Defendants have not made a due diligent effort to allow Plaintiff[s] to bring the account current[,] despite the fact that Plaintiffs have tried to make their payment[.]"[7] The property was scheduled for foreclosure on June 6, 2017.[8]

On June 14, 2017, Plaintiffs filed suit in state court against Rural Development for the State of Texas and Ascencio, generally alleging wrongful foreclosure and a Texas Property Code violation.[9] Plaintiffs additionally requested both a temporary restraining order and temporary injunction to enjoin Rural Development for the State of Texas and Ascencio from taking any steps to foreclose on the property.[10] The temporary restraining order was granted in state court,[11] and as a result, the scheduled foreclosure sale did not occur.[12] Defendants subsequently removed the case pursuant to 28 U.S.C. § 1442(a)(1).[13] Thereafter, Plaintiffs and Defendants filed the instant motions to remand and dismiss.

As a preliminary matter, the Court observes that Juan F. Quintero filed the motion to remand pro se on behalf of himself and Gloria G. Quintero.[14] The law is clear "that those not licensed to practice law may not represent the legal interests of others."[15] Here, ultimately, such is not an issue as the motion to dismiss resolves the case.

---

[6] *Id.*
[7] *Id.* at p. 3.
[8] *Id.* at p. 2.
[9] *Id.* at pp. 1–6.
[10] *Id.* at p. 5.
[11] Dkt. No. 1-7.
[12] Dkt. No. 1, at ¶ 1.
[13] *Id.* at ¶ 2.
[14] Dkt. No. 6, at p. 2 (providing that Juan F. Quintero filed the instant motion for remand pro se).
[15] *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (internal citation omitted).

## II. Motion to Remand

The removing party bears the burden of establishing whether federal jurisdiction exists,[16] and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[17] Section 1442(a)(1) provides that a civil action commenced in state court is removable if it is raised against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]"[18]

In their notice of removal, Defendants argue that removal was proper because the United States holds the note executed by Plaintiffs and a deed of trust securing an interest in the property.[19] Defendants further contend that removal is authorized by § 1442(a)(1) because "the [RHS] is a division of the [USDA], and [] Ascencio is an officer and employee of the United States who has been named as a defendant in this suit as the result of action he has taken and desired to take under color of his office and responsibility as the Substitute Trustee[.]"[20]

Plaintiffs argue that remand is appropriate because the suit does not implicate federal question or diversity jurisdiction.[21] Surprisingly, Plaintiffs do not respond to Defendants' position that the suit was removable pursuant to § 1442(a)(1). The Court finds that removal was appropriate as the suit was filed as a civil action in state court, and although the United States was not a named defendant in the original petition, it is clear that the United States, acting through the RHS, is a proper party to this suit as holder of the applicable note[22] and deed of

---

[16] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).
[17] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[18] 28 U.S.C. § 1442(a)(1).
[19] Dkt. No. 1, at ¶ 2.
[20] *Id.*
[21] Dkt. No. 6, at ¶ 3.
[22] Dkt. No. 3-2, at p. 1 (the promissory note at issue, providing that Plaintiffs—as borrowers—promise to pay "the United States of America, acting through the Rural Housing Service (and its successors)").

trust.[23] The RHS—improperly named as Rural Development for the State of Texas—is an agency of the USDA[24] and Ascencio—an employee of the USDA—was carrying out the foreclosure of the property pursuant to his position as substitute trustee.[25] Accordingly, removal was proper and the Court hereby **DENIES** the motion to remand.

### III. Motion to Dismiss

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[26] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[27] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[28] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[29]

Pursuant to Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[30] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[31] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[32] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the

---

[23] Dkt. No. 3-3, at p. 1 (the deed of trust at issue, providing that "[t]he beneficiary is the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture").
[24] Dkt. No. 3-1, at ¶ 1.
[25] *Id.* at ¶ 4.
[26] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 2015 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)) *cert denied*, 552 U.S. 1182 (2008) (quotation marks omitted).
[27] *Twombly*, 550 U.S. at 555.
[28] *Id.*
[29] *In re Katrina Canal*, 495 F.2d at 205 (quoting *Twombly*, 550 U.S. at 555).
[30] 556 U.S. 662 (2009).
[31] *See id.* at 678–79.
[32] *See id.* at 679–80.

necessary claims or elements."[33] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[34]

Defendants argue that dismissal is proper because Plaintiffs failed to exhaust their administrative remedies as required by 7 U.S.C. § 6912(e).[35] Section 6912(e) provides that "a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against--(1) the Secretary; (2) the Department; or (3) an agency, office, officer, or employee of the Department."[36] In the aforementioned statutory provision, "Department" means the USDA.[37] Plaintiffs improperly named Rural Development for the State of Texas as a defendant instead of the United States, on behalf of the USDA, acting by and through the RHS—an agency of the USDA. Accordingly, since the USDA and the RHS are proper defendants, Plaintiffs needed to exhaust administrative remedies before filing the instant suit.

In their petition, Plaintiffs do not specifically allege that they exhausted their administrative remedies. Plaintiffs do contend that "[a]ll conditions precedent ha[ve] been satisfied."[38] However, in failing to respond to the motion to dismiss, Plaintiffs are now unopposed to dismissal for failure to exhaust administrative remedies. Furthermore, Plaintiffs' petition presents no facts to support any of the five excuses to administrative exhaustion.[39] As a result, the motion to dismiss is **GRANTED.**

---

[33] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[34] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47 (2014).
[35] Dkt. No. 7, at ¶¶ 40–42.
[36] 7 U.S.C. § 6912(e).
[37] *Id.* § 6902(1) ("The term 'Department' means the Department of Agriculture.").
[38] Dkt. No. 1-1, at p. 6.
[39] *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007) (citations omitted).

### IV. Holding

For all the foregoing reasons, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of August, 2017.

_____
Micaela Alvarez
United States District Judge